UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MARQUEZ, Inmate No. 201740968, Plaintiff, vs. UNITED STATES; JOHN DOE #1; JANE DOE #1; SUPERVISOR JOHN DOE #2 Defendants. | Case No.: 3:18-cv-00434-CAB-NLS **ORDER:** **(1) DENYING MOTION TO APPOINT COUNSEL;** **(2) DIRECTING THE U.S. MARSHAL TO EFFECT SERVICE OF THE COMPLAINT UPON DEFENDANTS UNITED STATES; JOHN DOE #1; JANE DOE #1; SUPERVISORY JOHN DOE #2;** **(3) SUA SPONTE DISMISSING DEFENDANTS BUREAU OF BRISONS AND DAVID L. YOUNG PURSUANT TO 28 U.S.C. §§ 1915 (e)(2) AND 1915A(b)** |

**I.  Procedural History**

On February 23, 2018, Steve Marquez ("Plaintiff"), currently housed at the Larry D. Smith Correctional Facility located in Banning, California, filed a civil complaint pursuant to 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of the Federal*

*Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claim Act ("FTCA") (ECF No. 1). Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 5).

On April 25, 2018, the Court granted Plaintiff leave to proceed in forma pauperis. (ECF No. 6.) The Court also dismissed the claims against Defendants Bureau of Prisons and Young finding that Plaintiff had failed to allege facts sufficient to state a claim against any of these Defendants. (*Id.* at 7-9.) However, the Court also found that the allegations against Defendants United States, John Doe #1, Jane Doe #1 and Supervisor John Doe #2 survived screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (*Id.* at 8.) The Court dismissed Defendants Bureau of Prisons and David L. Young without prejudice, and gave Plaintiff the option of filing a First Amended Complaint in an attempt to cure the pleading deficiencies, or proceed with his Complaint and have the Court direct the United States Marshal to effect service upon Defendants United States, John Doe #1, Jane Doe #1 and Supervisor John Doe #2. (*Id*. at 9-10.)

On May 24, 2018, Plaintiff filed his "Notice of Intention" to proceed with his "Eighth Amendment claims against John Doe #1, Jane Doe #1, John Doe #2 and the FTCA claims against the United States only." (ECF No. 9.) Therefore, the Court will order the U.S. Marshal to effect service upon Defendants United States, John Doe #1, Jane Doe #1 and Supervisor John Doe #2 on Plaintiff's behalf.[1] *See* 28 U.S.C. § 1915(d)

---

[1] Plaintiff must, of course, identify the Defendants he references only as "John Does," by their true names and substitute those individual persons in place of each unnamed Doe by amending his Complaint to identify each of them before the United States Marshal will be able to execute service upon them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); FED. R. CIV. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). And it is in most instances impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant.").

("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## II. Motion for Appointment of Counsel

Plaintiff also seeks appointed counsel in this matter based on his claims that his "imprisonment will greatly limit his ability to litigate" and the "issues involved in this case are complex." (ECF No. 8 at 1.)

However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.,* 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970).

The Court finds nothing in Plaintiff's Complaint suggests he is incapable of articulating the factual basis for his Eighth Amendment and FTCA claims, which are "relatively straightforward." *Id.* In fact, the Court has already found, based on its initial screening of Plaintiff's Complaint, that he has pleaded sufficient factual content to state plausible claims for relief as to some of the named Defendants. However, at this stage of the proceedings, Plaintiff has not yet shown a likelihood of success on the merits. *Id.*

Therefore, the Court finds no "exceptional circumstances" and **DENIES** his Motion to Appoint Counsel (ECF No. 8) without prejudice on that basis. *See, e.g., Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, but did not show likelihood of succeed on the merits).

### III. Conclusion and Orders

For the reasons discussed, the Court:

1) **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 8) without prejudice.

2) **DISMISSES** Defendants Bureau of Prisons and David L. Young from this action for the reasons set forth in the Court's April 25, 2018 Order.

3) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of the April 25, 2018 Order granting Plaintiff IFP status, a certified copy of his Complaint, and the summons so that he may serve Defendants **United States, John Doe #1, Jane Doe #1 and Supervisor John Doe #2**. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be served*, see S.D. CAL. CIVLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

4) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3); and

/ / /

/ / /

/ / /

4

3:18-cv-00434-CAB-NLS

5) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or Defendants' counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated: June 4, 2018

Hon. Cathy Ann Bencivengo
United States District Judge