# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| STEVE MARQUEZ,<br>Inmate No. 201740968,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES; JOHN DOE #1; JANE DOE #1; SUPERVISOR JOHN DOE #2,<br><br>　　　　　Defendants. | Case No.: 3:18-cv-00434-CAB-NLS<br><br>**ORDER DENYING PLAINITFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 13]** |
|---|---|

Before the Court is the plaintiff Steve Marquez's ("Plaintiff") motion for appointment of counsel. ECF No. 13. Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* and filed a civil complaint alleging civil rights violations. Following screening pursuant to 28 U.S.C. § 1915, Plaintiff's will proceed on "Eighth Amendment claims against John Doe #1, Jane Doe #1, John Doe #2 and the FTCA claims against the United States only." ECF No. 9.

## I. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff enumerates five reasons for his request the Court appoint counsel: (1) he is unable to afford counsel, (2) the case is complex, (3) the Plaintiff has limited knowledge of the law; (4) Plaintiff has not received responses to the inquiries he sent to

1

various non-profit organizations and firms requesting assistance; and (5) he is indigent and incarcerated preventing other means of consultation with an attorney. ECF No. 13 at 1-2. Plaintiff concludes with a request the Court appoint a specific counsel. *Id.* at 2.

In his supporting declaration and memorandum, Plaintiff argues that the case is complex because it involves multiple defendants, several legal claims, and medical issues. *Id.* at 4, 9-10, 12. Plaintiff also anticipates a "sharp conflict" in testimony, and the potential credibility issues raised support the appointment of counsel. *Id.* at 4, 11. Plaintiff points to his incarceration, indigent status, and transfer to a new facility as a hindrance to his ability to conduct discovery, investigate facts, find and interview witnesses including the Doe defendants. *Id.* at 4-5, 10-12. Finally, Plaintiff states that he has limited education, no legal training, and limited access to legal materials. *Id.* at 5, 12

## II. LEGAL STANDARD

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). In *pro se* and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). But they do have discretion to request that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).[1]

---

[1] Plaintiff cites to out-of-circuit authorities to suggest that he is not required to show exceptional circumstances, and the Court should consider other factors in determining whether to appoint counsel.

### III. DISCUSSION

#### A. Likelihood of Success on Merits

Here, there has not been a change in circumstances from the previous request for appointment of counsel, which was denied by the District Court Judge, finding Plaintiff had not yet shown a likelihood of success. ECF No. 10 at 3. Since that time, the only addition to the docket (apart from this motion), is the issuance of a summons. ECF No. 11. There is no change in facts or circumstances of this case to alter the District Judge's conclusion that Plaintiff had not yet shown a likelihood of success.

This case is in the early stages, and the allegations in the Complaint, are all that is before the Court at this time. Plaintiff's motion for appointment of counsel re-states his allegations and claims they are meritorious. *See* ECF No. 13 at 8, 12-13 (citing to allegations in the Complaint). Bald assertions that claims are meritorious without any supporting evidence fail to satisfy the first factor of the *Wilborn* test. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (concluding likelihood of success not shown where the plaintiff did not present any evidence other than his own assertions to support his claims).

At this time (as was the case when presented to the District Judge), the Court has only the pleadings before it and, thus, remains unable to make a determination of the strength of Plaintiff's case. When the parties have not yet completed discovery and have not presented evidence to the Court in support of their claims and defenses, the Court cannot find that Plaintiff is likely to succeed on the merits of his claims. *See Garcia v. Smith*, No. 10-cv1187-AJB (RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel when it was too early to determine whether

---

ECF No. 13 at 9. Those decisions are not binding on this Court, which sits in the Ninth Circuit, because the Ninth Circuit "has limited the exercise of that power [under section 1915] to exceptional circumstances." *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (citations omitted); *see also Agyeman*, 390 F.3d at 1103 ("The decision to appoint such counsel is within 'the sound discretion of the trial court and is granted only in exceptional circumstances'")(citation omitted).

any of plaintiff's claims would survive a motion for summary judgment). Without any additional evidence supporting a likelihood of success on the merits, Plaintiff has not satisfied the first *Wilborn* factor.

### B. Plaintiff's Ability to Articulate His Claims

Where a *pro se* civil rights plaintiff shows he has a good grasp of basic litigation procedure and has been able to articulate his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). As another court in this district noted, there is "no doubt [that] most *pro se* litigants find it difficult to articulate their claims and would be better served with the assistance of counsel." *Garcia v. Cal. Dep't of Corrections & Rehab.,* 2013 WL 485756, at *1 (S.D. Cal. Feb. 6, 2013). But whether a litigant would have fared better with counsel is not the test for appointment of counsel. *Thornton v. Schwarzenegger*, No. 10CV01583-BTM (RBB), 2010 WL 3910446, at *5 (S.D. Cal. Oct. 4, 2010). It is for this reason that federal courts employ procedures that protect a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). In *pro se* civil rights cases, a court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, where a *pro se* plaintiff can articulate his claims in light of their relative complexity, there are no exceptional circumstances to justify appointment of counsel. *Garcia,* 2013 WL 485756, at *1, *citing Wilborn*, 789 F.2d at 1331.

The Court has reviewed Plaintiff's Complaint and finds that the issues he raises are not particularly complex. The Court understands Plaintiff's claims and the relief sought, and he sufficiently stated a claim. Plaintiff demonstrates a good grasp on basic litigation procedure, as evidenced by his ability to state a claim in his Complaint and this motion for appointment of counsel, which is clear and contains numerous citations to legal authority, albeit from various circuits. *See* ECF Nos. 1, 6, 10, 13.

With regard to Plaintiff's specific concerns, the Court finds that these issues do not sufficiently impair Plaintiff's ability to articulate his claims going forward. Although

Plaintiff asserts counsel is needed to engage in discovery and identify the Doe defendants, this does not necessarily amount to exceptional circumstances. *Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that *pro se* prisoner "may well have fared better - particularly in the realm of discovery and the securing of expert testimony," because that is not the applicable test); *Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir.1999) (holding that where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits plaintiff the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identities) (*citing Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir.1980).

Further, many of Plaintiff's assertions, such as limited education, no legal training, and limited access to the law library, are issues common to many prisoners and do not amount to exceptional circumstances. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (upholding denial of appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education); *Jones v. Kuppinger*, 2:13-CV-0451 WBS AC, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel."); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and

5

3:18-cv-00434-CAB-NLS

limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.").

In sum, the Court finds that Plaintiff is sufficiently able to articulate his claims *pro se*, given the complexity of the issues involved. The second *Wilborn* factor is not satisfied.

## IV. CONCLUSION

For the foregoing reasons, the Court thus does not find the "exceptional circumstances" required for appointment of counsel under 28 U.S.C. § 1915(e)(1). Accordingly, Plaintiff's request for appointment of counsel at this time is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 12, 2018

*[signature]*

Hon. Nita L. Stormes
United States Magistrate Judge