RANDY S. GROSSMAN
Acting United States Attorney
George Manahan
Assistant U.S. Attorney
California Bar No. 239130
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7607
Email: George.manahan@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MARQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES, et al.<br><br>    Defendants. | Case No.: 3:18-cv-00434-CAB-NLS<br><br>INDIVIDUAL DEFENDANTS' REPLY BRIEF REGARDING THEIR MOTION TO DISMISS<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

On March 10, 2021, Individual Defendants C. Rodriguez and L. Kelly (Defendants) filed a motion to dismiss the claims against them in Plaintiff Marquez's First Amended Complaint (FAC, ECF No. 49) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (ECF No. 63.) On April 19, 2021, Plaintiff filed an opposition to the motion. (ECF No. 65.) Defendants hereby file their reply brief.

### A. The Court Should Dismiss Plaintiff's <u>Bivens</u> Claims Against Defendants in Their Official Capacities for Lack of Subject Matter Jurisdiction

Plaintiff did not address the argument that claims against Defendants in their official capacities must be dismissed for lack of subject matter jurisdiction. "Where a plaintiff declines to defend a claim in opposition, the Court is within its discretion to treat plaintiff's silence as abandonment of the claim and concession that the claim be dismissed." <u>Dare v. Aegis Wholesale Corp.</u>, No. 15CV2833-JAH (KSC), 2018 WL 4221257, at *4 (S.D. Cal. Sept. 5, 2018). The Court should do so here and grant Defendants' motion.

### B. The Court Should Dismiss Plaintiff's <u>Bivens</u> Claims Against Defendants in Their Individual Capacities Since the Court Should Decline Expanding A <u>Bivens</u> Remedy To Cover Such Claims

Defendants argue that since: 1) Plaintiff's <u>Bivens</u> claims are beyond the context of the three <u>Bivens</u> claims the Supreme Court has approved in the past, and 2) there are special factors counseling hesitation about extending the <u>Bivens</u> remedy as sought by Plaintiff, the Court should dismiss Plaintiff's <u>Bivens</u> claims. Plaintiff did not address the special factors test. Rather, he argues his claim is sufficiently similar to <u>Carlson v. Green</u>, 446 U.S. 14, 16-20 (1980), <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994), and <u>McCarthy v. Madigan</u>, 503 U.S. 140 (1992), that it should not be considered a "new context."[1] As discussed in more detail in Defendants' initial brief, in <u>Carlson</u>, the Supreme Court expanded <u>Bivens</u> to claims of deliberate indifference by providing inadequate medical care to federal prisoners. <u>See</u> <u>Toney v. Williams</u>, No. 3:18-CV-2786-WQH-KSC, 2020 WL 1912168, at *4 (S.D. Cal. Apr. 20, 2020). <u>McCarthy</u> also involved a claim of denial of medical care by a federal prisoner. <u>See</u> 503 U.S. at 142 ("McCarthy alleged that respondents had violated his constitutional rights under the Eighth Amendment by their deliberate indifference to his needs and medical condition resulting from a back operation and a history of psychiatric problems."). But since Plaintiff's claims have nothing to do with the denial of medical care, his claims are a different context than <u>Carlson</u> or <u>McCarthy</u>.

---

[1] ECF No. 65 at 5:28-6:10. Since Plaintiff is an incarcerated pro se plaintiff, Defendants read his opposition brief liberally. <u>See</u> <u>McCabe v. Arave</u>, 827 F.2d 634, 640 n.6 (9th Cir. 1987).

1 | Furthermore, as discussed at length in Defendants' initial motion, <u>Farmer</u> is not one of the three Supreme Court cases that a <u>Bivens</u> claim may be compared to in order to determine if it presents a "new context." <u>See</u> ECF No. 63 at 11:10-13:17; <u>see also</u> <u>Earle v. Shreves</u>, 990 F.3d 774, 778 n.1 (4th Cir. 2021) (noting <u>Ziglar</u> did not include <u>Farmer</u> in its list of accepted contexts for <u>Bivens</u> claims, although not needing to determine <u>Farmer's</u> "exact status"); <u>but see</u> <u>Brown v. Matevousian</u>, No. 120CV00204NONESABPC, 2021 WL 1210002, at *1-*8 (E.D. Cal. Mar. 31, 2021) (concluding that allegations that plaintiff was sent to special housing unit (SHU) for incident he had already been punished for at previous prison, during which time correctional officer refused to feed him, and when plaintiff asked about not being fed the officer falsely informed other prisoners that plaintiff was a sex offender who deserved to be castrated, and after release from SHU prison officials continued to falsely accuse plaintiff of sexual assault and being a sex offender, including by falsifying evidence, was not new context based on <u>Farmer</u>, but that plaintiff failed to state a claim for deliberate indifference). As previously discussed, however, even if the Supreme Court allowed comparison to <u>Farmer</u>, Plaintiff's allegations would require at least a "modest extension" of that case, which is all that is required to constitute a "new context."

**C.   The Court Should Also Dismiss Plaintiff's Bivens Claims Against Defendants in Their Individual Capacities Since Defendants are Entitled to Qualified Immunity**

Defendants argue they are entitled to qualified immunity against Plaintiff's <u>Bivens</u> claims because Plaintiff failed to allege a violation of a constitutional right, or in the alternative, no constitutional right was clearly established at the time of their conduct. As to the argument that Plaintiff failed to allege a violation of a constitutional right, Defendants demonstrated Plaintiff's allegations failed to meet either the "substantial risk of suffering serious harm" or the reckless disregard elements of a deliberate indifference claim. Plaintiff argues that he alleged sufficient facts to meet those elements against C. Rodriguez because he alleges C. Rodriguez told him to lie to other inmates about the crime with which he was charged. Therefore, Plaintiff argues, C. Rodriguez knew there was a risk to inmates charged with sex offenses but did not do enough to protect him. Plaintiff argues he met those

elements as to his claim against L. Kelly because she knew he had just returned from the hospital after being assaulted, and therefore she knew Plaintiff was at risk for having negative feelings at being returned to the same general population area of the jail, which she did not do enough to protect him from. Neither of Plaintiff's arguments suffices to meet the "substantial risk of suffering serious harm" or deliberate indifference elements.

First, regardless of Plaintiff's allegation regarding C. Rodriguez's subjective assessment of the risk Plaintiff faced in MCC's general population, as previously explained, the "substantial risk of suffering serious harm" element is an objective test. See Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016). Furthermore, C. Rodriguez's alleged advice for Plaintiff to lie about the crime he was charged with is not relevant to the fact Plaintiff alleges that he only expressed a generalized fear of harm at the hands of other prisoners (which does not rise to a sufficiently substantial risk of suffering a serious harm) rather than a more specific threat against him (which may so rise). Even in the light most favorable to Plaintiff, that is not enough to plausibly allege a strong likelihood of serious harm. See Brooks v. Warden, 800 F.3d 1295, 1301 (11th Cir. 2015). Moreover, given that Plaintiff only expressed a generalized fear of being attacked, the alleged advice C. Rodriguez gave to hide the fact that could possibly make Plaintiff a target did not amount to recklessly disregarding the danger Plaintiff faced. Therefore, C. Rodriguez is entitled to qualified immunity.

While, as previously explained, a similar analysis applies to Plaintiff's claim against L. Kelly, that claim suffers the additional problem of a failure to allege "serious harm." Plaintiff's allegation that he suffered "great mental and emotional distress" (ECF No. 65 at 9:11-15) from being placed into the same area of the jail after he was released from the hospital does not, as a matter of law, constitute "serious harm" as that phrase is used among the elements of "deliberate indifference." See ECF No. 63 at 23:12-27 (citing multiple cases). Plaintiff's opposition brief concedes that he did not suffer a new physical injury after his return from the hospital. (ECF No. 65 at 14:19-22.) Therefore, L. Kelly is entitled to qualified immunity for all the reasons discussed regarding C. Rodriquez, and because

Plaintiff failed to allege a "serious harm" as to his claim against her.

**D.    CONCLUSION**

For the reasons stated here and in Defendants' initial brief, the Court should dismiss the <u>Bivens</u> claims against them because: 1) <u>Bivens</u> claims are unavailable against federal employees in their official capacities; 2) in the absence of Congressional action, the Court should decline expanding a <u>Bivens</u> remedy to cover claims such as Plaintiff's; and 3) Defendants are entitled to qualified immunity.

Date; May 4, 2021

RANDY S. GROSSMAN
Acting United States Attorney

s/ *George Manahan*
George Manahan
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MARQUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES, et al.<br><br>    Defendants. | Case No.: 18-cv-00434-CAB-NLS<br><br>**PROOF OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, George V. Manahan, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  On the executed date below, I will cause service of the foregoing:

INDIVIDUAL DEFENDANTS' REPLY BRIEF REGARDING THEIR MOTION TO DISMISS

By mailing a copy addressed to:

Steve Marquez
BI-7401
Mule Creek State Prison
PO Box 409040
Ione, CA 95640

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 4, 2021.

s/ *George Manahan*
Assistant U.S. Attorney George Manahan
Email: george.manahan@usdoj.gov
Attorney for United States